**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 312.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* TAYLOR.

[Cite as *Disciplinary Counsel v. Taylor*, 1997-Ohio-211.]

*Attorneys at law—Misconduct—One-year suspension—Perpetrating a fraud on a municipal court during representation of a client.*

(No. 96-2479—Submitted January 22, 1997—Decided April 30, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-79.

_____

{¶ 1} On December 5, 1994, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Charles Edison Taylor of Westerville, Ohio, Attorney Registration No. 0029131, in two counts with violations of several Disciplinary Rules. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter and found the following with respect to Count One of the complaint.

{¶ 2} In 1992, respondent represented Robert O'Ryan, who had been arrested on February 3, 1992 on several traffic charges, including operating a motor vehicle while intoxicated ("OMVI"). The OMVI case was docketed as "*State of Ohio v. Robert O'Ryan*," case No. 105149, and assigned to Judge Martin in the Franklin County Municipal Court. Respondent entered a plea of not guilty for Robert O'Ryan and demanded a jury trial giving Richmond, Virginia, as Robert O'Ryan's home address.

{¶ 3} At the time of his OMVI arrest, Robert O'Ryan possessed a Virginia driver's license indicating that he was Thomas O'Ryan, which was the name of his brother who lived in Columbus, Ohio, at a location where Robert O'Ryan occasionally resided. Because he produced a license in a name other than his own, the police, on February 11, 1992, charged Robert O'Ryan with providing false

information. The case was designated "*State of Ohio v. Robert O'Ryan*," case No. 003761, and assigned to Judge Ferrell in the Franklin County Municipal Court. On September 8, 1992, respondent filed a plea of not guilty and a jury demand in this case, and this plea and demand were signed by Robert O'Ryan as defendant with a Columbus, Ohio address.

{¶ 4} During March and April 1992, Mary O'Ryan, sister of Robert and Thomas, told respondent that there was a Thomas O'Ryan and that Robert O'Ryan was using his identity.

{¶ 5} On May 8, 1992, Robert O'Ryan was arrested on prohibited backing and hit-skip violations. These cases were designated "*State of Ohio v. Thomas O'Ryan*," case Nos. 120701-1 and 120701-2, and assigned to Judge Romanoff in the Franklin County Municipal Court. Respondent filed a plea of not guilty and a jury demand. Robert O'Ryan signed the plea and jury demand as "Thomas O'Ryan" with a Columbus, Ohio address.

{¶ 6} On August 22, 1992, Robert O'Ryan was arrested again on an OMVI charge. The case was docketed as "*State of Ohio v. Thomas O'Ryan*," case No. 138364, and assigned to Judge Hayes in the Franklin County Municipal Court. On September 8, 1992, respondent filed in that case a plea of not guilty and a jury demand. Respondent wrote the caption on that plea and demand *as "State of Ohio v. Robert,"* and the document was signed by Robert O'Ryan, with a Columbus, Ohio address.

{¶ 7} The panel noted the following rebuttal by respondent with respect to Count One. Respondent claimed that at the arraignment before Judge Hayes in case No. 138364 on September 8, 1992, he informed the judge that the proper first name of the defendant was Robert, not Thomas. Respondent claimed that at a pretrial on the false information case before Judge Ferrell, he informed the court that that there were four cases that had to be consolidated because the same person was involved. Respondent asserted that although he believed that he could win the hit-skip case

before Judge Romanoff on the merits, after the case was continued at least two times, he entered a guilty plea in the name of "Thomas O'Ryan" to improper "backing," and the court imposed a fine. Respondent claims that he told Judge Romanoff about the name discrepancy; however, the transcript indicates only that the court said, "Mr. Taylor is here on Mr. Thomas O'Ryan * * *. Mr. O'Ryan will be pleading guilty to prohibited backing or starting without safety; is that correct?" and respondent replied, "That's correct."

{¶ 8} The panel further found that respondent filed a motion to consolidate all of the three remaining cases which were pending before Judges Martin, Ferrell and Hayes. The motion was granted on October 30, 1992, and all cases were transferred to Judge Martin. Judge Martin then set a trial date for November 27, 1992. On that date, Robert O'Ryan was to appear before Judge Hayes, who had been assigned to hear these cases; however, Robert O'Ryan failed to appear.

{¶ 9} With respect to Count One, the panel concluded that respondent had violated DR 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 7-102(A)(1) (taking other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another), and 7-102(B)(1) (A lawyer who receives information clearly establishing that his client has, in the course of representation, perpetrated a fraud upon a person or tribunal shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the affected person or tribunal.).

{¶ 10} With respect to Count Two, the panel found that that on October 11, 1994, respondent pled guilty and was convicted in federal court of failing to file a tax return, a misdemeanor, was required to pay a special assessment of $50, and was fined $5,000. As to Count Two, the panel concluded, with one member dissenting, that respondent's failure to file a federal tax return violated DR 1-

102(A)(6) (engaging in conduct that adversely reflects upon an attorney's fitness to practice law).

{¶ 11} The panel recommended that respondent be suspended from the practice of law for one year with six months of the suspension stayed.

{¶ 12} The board adopted the findings of the panel, but dismissed Count Two. Based on the fraud perpetrated on the municipal court by respondent's course of conduct detailed in the findings in Count One, the board recommended that respondent be suspended from the practice of law for one year.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*James M. McCord*, for respondent.

_____

*Per Curiam.*

{¶ 13} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for one year. Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.

_____